**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA, ROSALIND G. BREWER, GINGER GRAHAM, TIMOTHY C. WENTWORTH, JAMES KEHOE, and MANMOHAN MAHAJAN,<br><br>Defendants. | Case No. 1:25cv01058<br><br>**CLASS ACTION**<br><br>Hon. Joan H. Lefkow |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF INTERNATIONAL TRADING CO. AND STEVEN HALLOCK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

International Trading Co. and Steven Hallock, individually and as trustee for the Toshiko Hallock Irrevocable Trust U/A dated July 14, 2022 (collectively, "Movants"), respectfully submit this memorandum of law in support of their motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the litigation.[1]

## PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") asserting violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company") common stock from April 2, 2020 and January 16, 2025, inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant or movants that have both the largest financial interest in the litigation and have made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Movants satisfy these requirements. First, Movants suffered financial losses of $402,966 on their purchases of Walgreens common stock. Movants believe that their loss constitutes the largest financial interest in the litigation. Second, Movants satisfy the requirements of Rule 23

---

[1] Kyle Krauseneck is the sole member of International Trading Co., his personal investment fund.

because their claims are typical of the claims of the Class as they suffered harm in connection with the same related misstatements and omissions as the rest of the Class. Movants will also fairly and adequately represent the interests of the Class. Mr. Krauseneck is 51 years old and lives in Frankenmuth, Michigan. Mr. Krauseneck is a chemical operator and has been investing for over 10 years. Steven Hallock is 67 years old and lives in Dahlonega, Georgia. Mr. Hallock is an aeronautical engineer. He has been investing for 37 years. *See* Joint Declaration of Kyle Krauseneck and Steven Hallock filed herewith ("Joint Declaration"), attached as Exhibit C to the Declaration of Carol V. Gilden ("Gilden Decl.") Thus, Movants satisfy the standards under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Movants respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Bernstein Liebhard as Lead Counsel and Cohen Milstein as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

According to the Complaint, Walgreens operates as a healthcare, pharmacy, and retail company in the U.S., the United Kingdom, Germany, and internationally. The Company's operations are conducted through three reportable segments: U.S. Retail Pharmacy, International, and U.S. Healthcare. The U.S. Retail Pharmacy segment includes the Walgreens business, which includes, among other things, the operations of retail drugstores, health and wellness services, and specialty and home delivery pharmacy services. A significant percentage of sales for the U.S. Retail Pharmacy segment is derived from the sale of prescription drugs, the majority of which are reimbursed by third-party payors, including federal healthcare programs.

Throughout the Class Period, Defendants made misleading statements concerning the Company's commitments to implement measures designed to detect and prevent the diversion of controlled substances.

2

On January 17, 2025, the U.S. Department of Justice ("DOJ") announced the filing of a civil complaint (the "DOJ Complaint") alleging that Walgreens "dispensed millions of unlawful prescriptions in violation of the Controlled Substances Act (CSA) and then sought reimbursement for many of these prescriptions from various federal health care programs in violation of the False Claims Act (FCA)." Specifically, the DOJ's "complaint alleges that, from approximately August 2012 through the present, Walgreens knowingly filled millions of prescriptions for controlled substances that lacked a legitimate medical purpose, were not valid, and/or were not issued in the usual course of professional practice", including "prescriptions for dangerous and excessive quantities of opioids, prescriptions for early refills of opioids and prescriptions for the especially dangerous and abused combination of drugs known as the 'trinity,' which is made up of an opioid, a benzodiazepine and a muscle relaxant." In addition, the DOJ Complaint alleged that Walgreens was "aware of its obligation to exercise corresponding responsibility" and that its business practices were at odds with earlier commitments to "implement or maintain a variety of compliance measures moving forward."

According to the complaint, following the DOJ's announcement, Walgreens' stock price fell $1.56 per share, or 12.06%, to close at $11.37 per share on January 21, 2025.

## ARGUMENT

### I.  THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

#### A.  The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." *Id.*

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movants meet the foregoing criteria, and therefore are the presumptive "most adequate plaintiff" of the Class.

**B.      Movants Satisfy the Lead Plaintiff Provisions of the PSLRA**

4

Movants respectfully submit that they should be appointed as Lead Plaintiff because they satisfy the requirements of the PSLRA. Movants filed a timely motion to be appointed lead plaintiff, believe they have the largest financial interest in the relief sought by the Class, and satisfy the typicality and adequacy requirements of Rule 23.

### 1. Movants Filed a Timely Motion

Movants' motion is timely. On January 30, 2025, the Early Notice was published. *See* Gilden Decl., Exhibit A. Accordingly, putative class members had until March 31, 2025, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). Here, Movants timely filed the motion in response to the Early Notice. Additionally, Movants have filed sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to their review of the complaint in this action and willingness to serve as representatives of the Class, including providing testimony at deposition and trial, if necessary. *See* Gilden Decl., Ex. B. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the Class.

### 2. Movants Believe They Have the "Largest Financial Interest"

To the best of their knowledge, Movants have the largest financial interest of any investor seeking to serve as Lead Plaintiff. The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movants with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants lost $402,966 in connection with their purchases of Walgreens common stock during the Class Period. *See* Gilden Decl., Ex. D. Movants are not aware of any other proposed lead plaintiffs with a larger financial interest.

### 3.    Movants Satisfy the Requirements of Rule 23

Movants meet the requirements of Rule 23. At this stage of the litigation, in determining whether a movant or movants are the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary. *See Hedick v. Kraft Heinz Company*, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019) ("[t]he typicality and adequacy elements are the relevant factors to the appointment of a lead plaintiff"). Movants satisfy the typicality and adequacy requirements of Rule 23, which are the only Rule 23 provisions relevant to a determination of lead plaintiff under the PSLRA. *See id.*

### a.    Movants' Claims Are Typical of Those of the Class

Movants satisfies the typicality requirement of Rule 23(a). Under Rule 23(a), a plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Hedick*, 2019 WL 4958238, at *9. Movants' claims are typical of those of the Class because Movants allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false and/or misleading statements of material facts and/or by omitting to disclose material facts about Walgreens. Movants, like all Class members, purchased Walgreens common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations and/or omissions. Movants' claims are based on the same legal theory and arise from the same events as the Class' claims. Thus, Movants satisfy the typicality requirement of Rule 23(a).

### b.    Movants Will Fairly and Adequately Protect the Interests of the Class

Movants satisfy the adequacy requirement of Rule 23(a). "A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class;

(2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Id.* (citation omitted).

Here, Movants do not have any interests adverse to the interests of the class. Indeed, Movants and members of the Class share the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. *See* Gilden Decl., Exhibit C, Joint Declaration ¶¶2, 11, 12. Additionally, Movants have further demonstrated their adequacy through their retention of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide. Movants have submitted signed certifications declaring their commitment to protecting the interests of the Class, further demonstrating that they are competent to serve as class representatives. *See* Gilden Decl., Ex. C. Movants' substantial losses also demonstrate that they have sufficient interests in the outcome of this litigation to ensure vigorous advocacy. *See generally* Gilden Decl., Ex. C.

Accordingly, Movants have made a *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23.

## II. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Gilden Decl., Ex. E (Firm Resume of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the

country. *See id*. Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

The National Law Journal has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in The Legal 500, a guide to the best commercial law firms in the United States, as well as in Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys for four consecutive years. Bernstein Liebhard was also selected to the National Law Journal's annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2015) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Cohen Milstein is well qualified to serve as Liaison Counsel. Cohen Milstein has a deep bench of talent and has likewise successfully litigated scores of securities fraud lawsuits, recovering billions of dollars for investors, as well as successfully litigating other types of class actions and matters, including in this District. Chambers USA and Legal 500 have consistently recognized Cohen Milstein as a "Top Tier Firm" and "Leading Firm" in Securities Litigation, Antitrust and Product Liability, Mass Torts. Additionally, Cohen Milstein's securities practice group was recognized by Law360 as a Practice Group of the Year for 2020, 2022 and 2023. Cohen Milstein maintains an office in Chicago, and its Resident Partner, Carol Gilden, is an accomplished litigator with decades of experience litigating securities cases in the Northern District of Illinois and in federal courts nationwide. *See* Gilden Decl., Exhibit F (Firm Resume of Cohen Milstein Sellers & Toll PLLC).

9

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as Lead Plaintiff; and (2) approve Movants' selection of Bernstein Liebhard as Lead Counsel and Cohen Milstein as Local Counsel for the litigation.

Dated: March 31, 2025          Respectfully submitted,

**COHEN MILSTEIN SELLERS
 & TOLL, PLLC**

By: */s/ Carol V. Gilden*_____
    Carol V. Gilden (Ill. Bar No. 6185530)

190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Liaison Counsel for Movants and Proposed
Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
      seidman@bernlieb.com

*Counsel for Movants and Proposed Lead
Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to

all counsel of record.

Dated: March 31, 2025

**COHEN MILSTEIN SELLERS & TOLL, PLLC**

*/s/ Carol V. Gilden*
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
T 312.357.0370

11