EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA, ROSALIND G. BREWER, GINGER GRAHAM, TIMOTHY C. WENTWORTH, JAMES KEHOE, and MANMOHAN MAHAJAN, <br><br> Defendants. | Case No. 1:25cv01058 <br><br> **CLASS ACTION** <br><br> Hon. Joan H. Lefkow |

**JOINT DECLARATION OF KYLE KRAUSENECK AND**
**STEVEN HALLOCK IN SUPPORT OF MOTION FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, Kyle Krauseneck[1] and Steven Hallock, declare as follows:

1.  We respectfully submit this Joint Declaration in support of International Trading Co. and Steven Hallock's Motion for (i) Appointment as Lead Plaintiff; and (ii) Approval of Selection of Counsel (the "Joint Declaration").

2.  We understand that Congress passed the Private Securities Litigation Reform Act of 1995 ("PSLRA") to put investors with substantial losses, *i.e.*, real skin in the game, in charge of securities class actions. We each suffered large losses in connection with our Walgreens Boots Alliance, Inc. ("Walgreens") investments. Thus, we have all the motive in the world to

---

[1] Kyle Krauseneck is the sole member of International Trading Co., his personal investment fund.

1

litigate this case vigorously to increase the chances for a successful outcome for ourselves and the proposed class.

3. We discussed this case with our attorney and believe it is meritorious. We also believe that the class would benefit from the different backgrounds, individual experiences, and the combined oversight that we would bring to the litigation.

4. I, Kyle Krauseneck, am 51 years old and live in Frankenmuth, Michigan. I am a chemical operator and have been investing for over 10 years. I am the sole member of my investment fund, International Trading Co.

5. As reflected in my certification, I purchased Walgreens common stock and suffered substantial losses of approximately $170,000 in my investments as a result of the violations of the federal securities laws alleged in this action. I have every motive to recover my losses and my interests are aligned with those of other class members. I contacted and retained Bernstein Liebhard LLP ("Bernstein Liebhard") to represent me in this action and also expressed an interest in partnering with a like-minded investor to pursue this action as Lead Plaintiff if the opportunity presented.

6. After due consideration, I decided to seek appointment as Lead Plaintiff jointly with Mr. Hallock, who also sustained significant losses and has expressed similar interests in maximizing a recovery for the proposed class. While I believe that appointing both me and Mr. Hallock will be beneficial to the class, I remain ready, willing, and able to serve as sole Lead Plaintiff should the Court prefer a single Lead Plaintiff.

7. I, Steven Hallock, am 67 years old and live in Dahlonega, Georgia. I am an aeronautical engineer. I have been investing for 37 years.

8. As reflected in my Certifications, I purchased Walgreens common stock and

suffered substantial losses of approximately $234,000 as a result of the violations of the federal securities laws alleged in this action. I purchased part of these shares in my individual account and part in an account for which I am sole trustee. I have every motive to recover these losses and my interests are aligned with those of other class members. I contacted and retained Bernstein Liebhard to represent me in this action and also expressed an interest in partnering with a like-minded investor to pursue this action as Lead Plaintiff if the opportunity presented.

9.      After due consideration, I decided to seek appointment as Lead Plaintiff with International Trading Co. While I believe that appointing both me and International Trading Co. as Lead Plaintiff will be beneficial to the proposed class, I remain ready, willing, and able to serve as sole Lead Plaintiff should the Court prefer a single Lead Plaintiff.

10.     Prior to deciding to jointly file this motion, we held a conference call with Joseph Seidman and Peter Allocco of Bernstein Liebhard. During that call, we discussed, among other things: the factual basis of this case; the fiduciary duties of a lead plaintiff; the strategy for the prosecution of this litigation should be we appointed as Lead Plaintiff, including what goes into drafting the operative amended complaint; mechanisms to efficiently and effectively oversee counsel and manage this litigation; the losses we each suffered as a result of the alleged fraud; a decision-making mechanism in the event of a disagreement; and our commitment to and interest in serving as Lead Plaintiff.

11.     We understand that a Lead Plaintiff has fiduciary duties to all class members, which duty we take seriously. We will fulfill our fiduciary duties and obligations as Lead Plaintiff by vigorously prosecuting this case on behalf of all class members.

12.      If appointed as Lead Plaintiff, we agree to actively manage the prosecution of this case, including reviewing documents, having joint calls, discussing significant

3

developments, and participating in discovery. At a minimum, we plan to convene joint calls whenever there are significant legal or factual developments in the case. We also agree that either of us can request a joint call, with or without counsel's participation or knowledge, to discuss the case at any time. We have exchanged contact information and can call or email each other at any time. We have also agreed to regularly communicate via email with each other and/or counsel as needed.

13. We selected Bernstein Liebhard to serve as counsel on our behalf because we believe Bernstein Liebhard has the experience and ability to effectively and expeditiously bring this action to a successful resolution.

14. In making decisions on behalf of the class, we do not anticipate that any disagreements will arise. However, if a disagreement does arise, we agree that Mr. Hallock, who has the larger loss, will have final decision-making authority in the matter.

I, STEVEN HALLOCK, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed: _____03/29/2025_____

Signed by:

Mr. Steve Hallock

65067882D14B462...

STEVEN HALLOCK

5

I, KYLE KRAUSENECK, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed: _03/28/2025_____

Signed by:

Kyle Krauseneck

—10CF04DD30C8435...

KYLE KRAUSENECK

6